IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL B. WALKER, | ) | |
| | ) | Civil No. 05-897-JE |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LAMPERT, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

    Craig E. Weinerman
    Assistant Federal Public Defender
    151 W. 7th Avenue, Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state conviction for Kidnapping. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On April 30, 1999, petitioner and his girlfriend, Patricia Coleman, were drinking in a bar and began to argue. Coleman left the bar and went to her daughter's residence. Coleman's daughter lived with her boyfriend and his friend, Jerry Amerson. Eventually, petitioner took a taxi to the daughter's home and discovered Coleman engaged in sexual relations with Amerson. Petitioner broke into the residence, picked up a knife and stabbed Amerson in the neck, and then forced a naked Coleman to get into the taxi waiting outside. Respondent's Response to Habeas Corpus Petition (#16), p. 2.

On May 6, 1999, the Coos County Grand Jury returned an indictment charging petitioner with Assault in the Second Degree, two counts of Burglary in the First Degree, Kidnapping in the Second Degree, Assault in the Fourth Degree, Unlawful Use of a Weapon, and Menacing. Respondent's Exhibit 102. Petitioner pled guilty to Kidnapping in the Second Degree and the remaining charges were dismissed as part of a plea agreement. The trial court

2 - FINDINGS AND RECOMMENDATION

accepted petitioner's guilty plea and imposed a 70-month sentence to be followed by 36 months of post-prison supervision. Respondent's Exhibit 101.

Petitioner directly appealed his conviction, but subsequently moved to dismiss the appeal. The Oregon Court of Appeals granted petitioner's Motion to Dismiss. Respondent's Exhibit 105.

Petitioner next filed for post-conviction relief ("PCR") in state court, but the PCR trial court denied relief. Respondent's Exhibit 125. Petitioner appealed, but the Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Walker v. Lampert, 2005 Or. LEXIS 197; Respondent's Exhibits 126-132.

Petitioner filed a successive petition for post-conviction relief in state court on October 22, 2002, but the PCR trial court dismissed the petition on the State's Motion. Respondent's Exhibits 133 & 135. The Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review. Walker v. Lampert, 195 Or. App. 415, 99 P.3d 1239 (2004), rev. denied 337 Or. 669, 104 P.3d 601 (2004).

On June 20, 2005, petitioner filed the current action. Petitioner's ground for relief as set forth in his Petition is as follows:

> 1. Denial Due Process, co[e]rced into Guilty plea, Trial Attorney was under investigation before, during and after my hearing by same District Attorney(s) office.

3 - FINDINGS AND RECOMMENDATION

> Supporting facts: I was on SSI at time of arrest, judge denied comp[etency] hearing. Trial attorney was under investigation at same time as my hearing where he'd pull his punches and do whatever DA told him to do. There was no intent in my actions and deed. I acted under Dures[s]. I later found an Oregon law which stated that what I did was within the bounds of law. Victims had left town and state and would not show to hearing. Attorney refused to work with the investigator's request(s). He was a bad man!

Respondent asks the court to deny relief on the Petition because: (1) the new claims argued in petitioner's supporting memorandum were never raised in the Petition and should not be considered by the court; (2) the Petition claim was not fairly presented to the state courts and is now procedurally defaulted; and (3) neither the "cause" and "actual prejudice" or fundamental miscarriage of justice exceptions excuse petitioner's failure to raise his Petition claim in the Oregon courts.

Petitioner concedes that he did not fairly present his Petition claim to the Oregon state courts. Petitioner's Memorandum in Support (#28), p. 3. Nevertheless, he contends that the court should reach the merits of his constitutional claim "to avert a fundamental miscarriage of justice." Id at 6.

## DISCUSSION

### I. **Newly Raised Claims**.

In his supporting memorandum, petitioner attempts to add additional claims alleging: (1) ineffective assistance of trial counsel for failure to fully investigate and present a diminished

4 - FINDINGS AND RECOMMENDATION

capacity defense to the kidnapping charge; and (2) denial of due process because trial counsel coerced petitioner's guilty plea. Id at 3. Because petitioner did not raise these claims in his Petition, they are not properly before the court.[1] See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.") The newly raised claims should therefore be denied.

## II.  Fundamental Miscarriage of Justice Exception to Procedural Default.

Before raising a federal habeas corpus claim a petitioner must fairly present it to his state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). When a petitioner has failed to fairly present his claim to the state courts, and the time for doing so has passed, his claim is deemed procedurally defaulted. See Harmon v. Ryan, 959 F.2d 1457, 160-61 (9th Cir. 1992). A procedural default may be excused if the petitioner "can

---

[1] The court agrees with respondent that petitioner's ineffective assistance claim as set forth in his Petition involves attorney conflict of interest. However, to the extent that the additional claims raised in petitioner's supporting memorandum were also raised in the Petition, petitioner concedes that they were not fairly presented to the state courts, and as discussed below, the court finds no reason to excuse such default.

5 - FINDINGS AND RECOMMENDATION

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id at 750. In the habeas corpus context, a fundamental miscarriage of justice occurs when a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, th[e] [Supreme] Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

Schlup v. Delo, 513, U.S. 298, 321 (1995).

Accordingly, to satisfy this exception, petitioner must establish that in light of all the evidence, including new evidence, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id at 327. To be credible, an actual innocence claim must be supported by "new *reliable* evidence . . . that was not presented at trial." Id at 324 (emphasis added). Thus, if petitioner submits "new evidence" that convinces the court that there is serious doubt as to whether he actually committed Kidnapping, petitioner should be allowed to argue the merits of his habeas claim despite his failure to fairly present it to the state courts. Id at 316.

6 - FINDINGS AND RECOMMENDATION

Critically, however, petitioner has not argued in his briefing that he is actually innocent of Kidnapping. Indeed, in his supporting memorandum, he admits that he "forced [his girlfriend], still naked, to leave the residence and [get] into a taxi." Petitioner's Memorandum in Support (#28), p. 2. Accordingly, despite petitioner's contention that "the irreconcilable conflict involving [trial counsel], and [trial counsel]'s ineffective representation, constitutes a miscarriage of justice" in and of itself, petitioner cannot rely on the miscarriage of justice exception to excuse his default here.

As petitioner has failed to either argue that he is actually innocent of his underlying crime or to present any new evidence demonstrating such innocence, the court finds no reason to excuse his failure to fairly present the constitutional claim raised in his Petition to the Oregon courts.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's

7 - FINDINGS AND RECOMMENDATION

judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22nd day of January, 2007.

                                    /s/ John Jelderks
                                    John Jelderks
                                    United States Magistrate Judge